# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 946 | **DATE** | ½/2002 |
| **CASE TITLE** | Bell vs. Tom Woleck | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Ruling on defendant's motion for summary judgment is deferred. Plaintiff is directed to file a supplemental memorandum addressing the issue raised in the attached memorandum on or before 1/18/02 and defendant is directed to file a supplemental memorandum on or before 2/1/02. Ruling on summary judgment motion is set for 2/8/02 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 0 3 2002 | |
| | Notified counsel by telephone. | | date docketed | 44 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JERRY BELL, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 00 C 946<br>) |
| POLICE OFFICER TOM WOLECK, | )<br>) |
| Defendant. | ) |

DOCKETED
JAN 0 3 2002

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On February 10, 2000, Jerry Bell filed a *pro se* lawsuit under 42 U.S.C. §1983 against Elgin police officer Tom Woleck and Price Right Gas Station. He alleged that he had been falsely arrested by Woleck on May 26, 1997 as a result of a false complaint by Patricia Phillips, an employee of Price Right Gas Station, that Woleck had used excessive force on him at the police station, and that he had been wrongfully prosecuted. After reviewing the complaint's allegations under 28 U.S.C. §1915(e)(2), the Court dismissed the false arrest and excessive force claims based on the statute of limitations and dismissed the claims against Price Right for failure to state a claim. *See* Order of Apr. 25, 2000. We thereafter appointed counsel for Bell.

Woleck has moved for summary judgment on the wrongful prosecution claim. We view the evidence in the light most favorable to Bell, the non-moving party, drawing reasonable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Taking that as our standard, the evidence reflects that on May 26, 1997, Phillips got complaints from a customer about three black males who were standing outside the gas station building asking for

money. Phillips did not look outside but instead called the police. Woleck responded to the call in a matter of minutes. Phillips repeated what the customer had told her. Woleck looked outside, said there were people still there, and asked if Phillips wanted him to get rid of them. Phillips told him, "Do your duty," and Woleck went outside.

Bell says that he was walking on the sidewalk outside the Price Right station when Woleck approached him, told him that he had a complaint of criminal trespass, and directed him to leave. The three men who had been asking customers for money had left and were about 100 yards away at that point. Bell denied trespassing on the property and told Woleck that he had a right to be on the public sidewalk. Woleck arrested Bell, handcuffed him, and put him into his squad car. He then returned to Phillips and asked her to look in his squad car and tell him whether the person inside the car was one of the people who had been outside the building. Phillips says that she looked and shook her head to indicate that she did not know. Woleck asked if she knew who the man was, and Phillips said that it was Jerry Bell (Phillips knew Bell from prior encounters). However, she did not tell Woleck that Bell had been one of the solicitors and did not ask Woleck to arrest Bell.

Woleck said that he was going to take Bell downtown because he had refused to leave. He asked Phillips to sign a complaint; she signed a complaint form in blank. Woleck later filled out the remainder of the form, stating a charge against Bell for criminal trespass. According to Phillips, however, she had told Woleck that she did not believe that Bell had trespassed on the property.

Woleck's police reports reflected that Phillips had asked Bell several times to leave the property because he was loitering and begging for money from customers; Phillips says that is

2

untrue. Woleck's reports also reflected that Phillips had identified to Woleck the men who had been loitering; Phillips says that this is also untrue.

Bell was held in jail until June 3, when he was released on bond. The case remained pending in court until February 9, 1998. On that date the prosecutor *nolle prossed* the case.

As indicated earlier, Bell's *pro se* complaint included a claim for false arrest, which the Court dismissed based on the statute of limitations. With regard to the malicious prosecution claim, Bell's *pro se* complaint did not allege that Woleck had fabricated a charge against him despite Phillips' inability to identify him; rather he alleged that Phillips and Woleck had conspired to make a false charge. Bell evidently did not know at the time that Phillips had signed a complaint in blank; indeed he alleged that Phillips had signed the complaint without reading it. It appears that Bell learned of the manner in which the complaint was prepared through taking discovery in this case.

After Woleck filed his motion for summary judgment, but before the motion was fully briefed, the Seventh Circuit held that a plaintiff may not maintain a malicious prosecution claim under §1983, concluding that this result was compelled by *Albright v. Oliver,* 510 U.S. 266 (1994). *Newsome v. McCabe,* 256 F.3d 747, 750-51 (7th Cir. 2001). Though that might seem to sound the death knell to Bell's claims, the court in *Newsome* recognized that its decision represented a course change from several post-*Albright* rulings supporting such claims. *See id.* at 751. It is fair to assume that Bell relied on this prior authority in pushing the malicious prosecution angle. Under the circumstances, it would be unfair to Bell to grant summary judgment against him without giving him the opportunity to attempt to recast his claim.

There are at least two possibilities that might remain open to Bell. First, *Newsome*

3

indicates that a plaintiff victimized by a police officer who misled prosecutors (as Woleck allegedly did) may maintain a claim under §1983 for violation of his due process rights under *Brady v. Maryland,* 373 U.S. 83 (1963). It is doubtful that Bell can succeed under this theory; the Seventh Circuit has held that *Brady* is a trial-oriented right, not a right to discovery, *see, e.g., United States v. Higgins,* 75 F.3d 332, 334 (7th Cir. 1996), and Bell's case was dismissed by the prosecution before trial. Though we question whether the Supreme Court in *Albright* intended to leave without a civil remedy (other than a false arrest suit) a person in Bell's shoes, *Brady* is an unlikely home for his case.

The other possibility might prove more fruitful. Though we previously dismissed Bell's false arrest claim as time-barred, that was before Bell discovered the evidence indicating that Phillips had not made a complaint against him at all and that the basis for the arrest was trumped-up by Woleck and falsely presented as Phillips' complaint. It is true, as we stated in our earlier ruling, that a §1983 claim for false arrest accrues, and the statute of limitations begins to run, on the date of the arrest. *See Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir. 1992), *cited in Shropshear v. Corporation Counsel of the City of Chicago,* --- F.3d ---, No. 00-4268, 2001 WL 1629947 (7th Cir. Dec. 20, 2001). However, under Illinois' equitable tolling rules, which govern §1983 claims brought in this State, *see, e.g., Johnson v. Rivera,* 272 F.3d 519, 521 (7th Cir. 2001); *Heard v. Sheahan,* 253 F.3d 316, 317 (7th Cir. 2001), the running of the statutory limitations period is interrupted when the defendant fraudulently conceals the cause of action from the plaintiff. 735 ILCS 5/13-215; *see Worthington v. Wilson,* 8 F.3d 1253, 1257 (7th Cir. 1993). Based on the recently-discovered facts, Bell's false arrest claim arguably might fit within this doctrine. His claim as originally alleged in his *pro se* complaint would not; he alleged that

4

the complaining witness had fabricated the allegations, a claim which unquestionably accrues at the date of the arrest (and which, we might add, has virtually no chance of success against the police officer who relied on the complainant's allegations, *see Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999)). But under the present circumstances, Bell's claim would be materially different: that in fact there was no complaining witness and that the arresting officer in effect fabricated a complaint against him and falsely presented it as a complaint from a citizen. With such a complaint Bell might be entitled to equitable tolling of the statute sufficient to permit him to pursue a false arrest claim.

Because of the unusual combination of circumstances – our *sua sponte* dismissal of Bell's original *pro se* false arrest claim, the recent change in the law, and the existence of recently-discovered evidence – the Court does not think it fair simply to grant summary judgment for defendant on the authority of *Newsome*. We will give both parties the opportunity to address whether Bell can maintain a viable claim on a theory other than malicious prosecution. Plaintiff is directed to file a supplemental memorandum addressing the issue on or before January 18, 2002; defendant is directed to reply on or before February 1, 2002. The matter is set for ruling on February 8, 2002 at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date: January 2, 2002

5